**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| KENYA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| NATIONAL ASSET RECOVERY SERVICES, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, KENYA JONES, by and through her attorney, JAMES M. ERVIN, and for her Complaint against the Defendant, NATIONAL ASSET RECOVERY SERVICES, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.     Plaintiff is an individual who was at all relevant times residing in Beach Island, South Carolina.

4.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.     The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.     On information and belief, Defendant is a corporation of the State of Missouri, which is licensed to do business in South Carolina and which has its principal place of business in Chesterfield, Missouri.

## **ALLEGATIONS**

8.     Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about the calendar year of 2011 in attempts to collect the aforementioned alleged debt, but failed to identify themselves as debt collectors in each and every communication with Plaintiff.

9.     Defendant's agents, representatives and/or employees also placed telephone calls to Plaintiff's place of employment in attempts to collect the alleged debt and were notified by Plaintiff that she was not permitted to take calls of a personal nature while she was working.

10.     Subsequent to this notification, Defendant's agent, representative and/or employee called Plaintiff at her place of employment on or about May 31, 2011, and left a voice mail message for Plaintiff on a general mailbox that did not contain Plaintiff's name. Said

message was retrieved by Plaintiff's co-worker and disclosed not only Defendant's name, but also that Plaintiff owed an alleged debt.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Identifying the name of your company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

    b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

    c. Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such phone calls while she is working, in violation of 15 U.S.C. § 1692c(a)(3);

    d. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

    e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, KENYA JONES, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ James M. Ervin
James M. Ervin
Federal Bar ID No. 9537
Attorney for Plaintiffs
Luxenburg & Levin, LLC
600 Columbia Avenue
Lexington, SC 29072
(888) 493-0770, ext. 308 (phone)
(866) 551-7791 (facsimile)
James@LuxenburgLevin.com